1  ADAM C. BROWN (SBN 161951)
   **HILL RIVKINS BROWN & ASSOCIATES**
2  **A Professional Law Corporation**
   11140 Fair Oaks Boulevard, Suite 100
3  Fair Oaks, CA 95628
   Telephone:  (916) 535-0263
4  Facsimile:  (916) 535-0268

5  Attorneys for Plaintiff
   3015327 CANADA, INC., DBA
6  BLANKETS & BEYOND

7

8

                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10
                           WESTERN DIVISION
11

12

| | |
|---|---|
| 3015327 CANADA INC., doing business as BLANKETS & BEYOND, a Canadian corporation, | **CASE NO.  2:18-cv-07676 PA** |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| vs. | **Jury Trial Demanded** |
| Sale Co Enterprises LLC, a California limited liability company; Paul J. Livadrary, successor trustee of the Warner W. Henry Family Trust B dated June 24, 1969; Warner Wheeler Henry Revocable Trust; Henry Huntington Park Parcel 1 LLC; and DOES 1 through 8, inclusive, | **1. Negligence;**<br>**2. Bailment;**<br>**3. Premises Liability.** |
| Defendants. | |

    Plaintiff 3015327 Canada Inc., doing business as "Blankets & Beyond" (hereinafter

referred to as "Plaintiff"), alleges upon information and belief as follows:

                                **PARTIES**

    1.   Plaintiff is, and at all times mentioned herein was, a corporation organized and

existing under the laws of Canada, with its principal place of business in Montreal, Quebec, and

was the consignee, receiver, insurer and/or owner of the cargo and brings this action on its own

behalf and as agent and trustee of all parties who may be or become interested in said cargo as their respective interest may appear, and Plaintiff is entitled to bring this action.

2. Plaintiff is informed and believes, and thereon alleges, that Defendant Sale Co Enterprises LLC ("Saleco") is, and at all times mentioned herein was, a limited liability company organized and existing under the laws of the State of California, and at all times mentioned herein was a warehouseman and lessor of the premises where Plaintiff's loss occurred (as set forth below).

3. Plaintiff is informed and believes, and thereon alleges, that Defendant Paul J. Livadrary, as successor trustee of the Warner W. Henry Family Trust B dated June 24, 1969 (the "Henry Trust"), is, and at all times mentioned herein was, a trust organized and existing under the laws of the State of California, and at all times mentioned herein was an owner of the premises where Plaintiff's loss occurred (as set forth below).

4. Plaintiff is informed and believes, and thereon alleges, that Defendant Warner Wheeler Henry Revocable Trust (the "Wheeler Henry Trust"), is, and at all times mentioned herein was, a revocable trust organized and existing under the laws of the State of California, and at all times mentioned herein was and is an owner of the premises where Plaintiff's loss occurred (as set forth below).

5. Plaintiff is informed and believes, and thereon alleges, that Defendant Henry Huntington Park Parcel 1 LLC is, and at all times mentioned herein was, a limited liability company organized and existing under the laws of the State of California, and at all times mentioned herein was and is an owner of the premises where Plaintiff's loss occurred (as set forth below).

6. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 8, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the DOE Defendants is responsible in some manner for the events and happenings herein referred to, and thereby proximately caused the injuries and damages herein alleged.

2
FIRST AMENDED COMPLAINT

7. At all times material hereto, Defendants, and each of them, including the DOE defendants, were the agents, servants or employees of each Defendant named herein, and at all of said times, each said Defendant was acting within the course and scope of said agency, service or employment.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action under 28 U.S.C. Section 1332 (2) based on diversity of citizenship of the parties and the amount in controversy exceeds $75,000. Venue is proper under 28 U.S.C. Section 1391, in that the events or omissions giving rise to Plaintiff's claims occurred in this District and the Defendants are otherwise subject to personal jurisdiction within this District.

## GENERAL ALLEGATIONS

9. On or about September 1, 2016, Plaintiff and defendant Saleco executed a Lease Agreement, whereby Saleco agreed to provide certain services to Plaintiff, including warehousing for storage of Plaintiff's merchandise at the public warehouse designated in the Lease Agreement as being located at 5731 Bickett Street, Huntington Park, California, being part of a warehouse complex located adjacent to East Slausen Avenue and Bickett Street (the "Premises").

10. Saleco, with the knowledge and consent of Defendants Henry Trust, Wheeler Henry Trust and Henry Huntington Park Parcel 1 LLC (collectively referred to herein as the "Owners" of the Premises) held itself out as a warehouseman to the general public, and in exchange for consideration, accepted for storage and distribution at and from the Premises merchandise belonging to Plaintiff, and generally consisting of blankets, bath robes, swaddles, nunus and pillows (the "Merchandise").

11. On or about March 20, 2017, Saleco notified Plaintiff that on February 20, 2017, a large portion of its Merchandise had been damaged during a series of rainstorms as a result of water leaking from the warehouse roof.

12. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, were aware that the roof of the building in which Plaintiff's Merchandise was stored

was in a dilapidated condition and in disrepair, as Owners had neglected and failed to perform proper regular maintenance and repair.  Plaintiff is further informed and believes, and thereon alleges, that Defendant Saleco informed Owners through their agents of the condition of the warehouse months before the storm event causing the water damage occurred; that Saleco obtained repair bids from contractors which were presented to Owners and/or Owners' agents; and that Owners failed and refused to make any repairs to the Premises.

13. The total value of Plaintiff's damaged Merchandise was $1,313,721.28.

14. Plaintiff has performed all duties and obligations on its part to be performed.

15. On or about June 20, 2017, Plaintiff prepared a proof of loss to the insurer of the Merchandise, Northern Marine Underwriters, Ltd., which is fully subrogated to Plaintiff's claim and authorized to file suit and seek recovery therefore in Plaintiff's name.

## **FIRST CLAIM FOR RELIEF**
**(Negligence)**

16. Plaintiff hereby incorporates by reference each, and every and all of the allegations in paragraphs 1 through 15, inclusive, above, as though the same were again fully set forth at length herein.

17. Plaintiff is the consignee, receiver, insurer and/or owner of the Merchandise and brings this action on its own behalf and as agent and trustee of all parties who may be or become interested in said cargo as their respective interests may appear, and Plaintiff is entitled to bring this action.

18. Defendants accepted delivery of the Merchandise for storage, suitable in every respect for the intended warehousing at the Premises which said Defendants received, accepted and agreed to warehouse the Merchandise for certain consideration.

19. Defendants breached their duty of care by negligently and carelessly handling the Merchandise so as to allow it to be damaged as alleged herein, and further breached and violated their duties and obligations as property owners, managers, bailees and warehousemen of said Merchandise, and were otherwise at fault.

20. Plaintiff is informed and believes, and thereon alleges, that Defendant Owners were aware of the condition of the roof months before the damage occurred as a result of the storms in February 2017, and acted with reckless indifference to the heightened risk presented to Plaintiff's Merchandise by taking any action to repair the roof when presented with evidence of its dilapidated condition.

21. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered damages in the amount of $1,313,721.28.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

## SECOND CLAIM FOR RELIEF
**(Bailment)**

22. Plaintiff hereby incorporates by reference each, and every and all of the allegations in paragraphs 1 through 21, inclusive, above, as though the same were again fully set forth at length herein.

23. Defendants were, and are, in the business of, among other things, providing warehousing and freight processing services to the general public. Defendants were hired to warehouse the Merchandise and owed a duty to safeguard the aforementioned Merchandise.

24. The loss of Plaintiff's Merchandise was directly and proximately caused by the acts and/or omissions of Defendants, in violation of their statutory and common law duties and obligations as bailees and warehousemen to safely care for the Merchandise and take adequate precautions in securing and safeguarding the Merchandise from loss and damage.

25. As a direct and proximate result of Defendants' failure to take reasonable steps to adequately warehouse the Merchandise, Plaintiff has suffered damages in the amount of $1,313,721.28.

26. WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

## THIRD CLAIM FOR RELIEF
### (Premises Liability)

27. Plaintiff hereby incorporates by reference each, every and all of the allegations in Paragraphs 1 through 26, inclusive, above, including all of the allegations therein incorporated by reference, as though the same were again fully set forth at length herein.

28. Defendants were the owners, lessors, operators and/or managers of the Premises where Plaintiff's Merchandise was stored. Defendants were aware of the fact that the Premises was being used as a warehouse facility wherein valuable goods, such as the Merchandise alleged herein, was stored in exchange for payment, and owed a duty to Plaintiff to exercise due care in the maintenance of the warehouse in which Plaintiff's Merchandise was being stored.

29. Plaintiff is informed and believes, and thereon alleges, that Defendants negligently owned, maintained, managed and/or operated the Premises such that it caused damage to Plaintiff's Merchandise as hereinabove, by failing to maintain and/or repair the roof of the Premises building allowing numerous leaks to develop, or otherwise failed to take preventive and remedial measures to protect the Merchandise immediately when such leaks started to occur, and permitting rainwater to enter the building and damage the inventory stored therein, including Plaintiff's Merchandise.

30. Plaintiff is informed and believes, and thereon alleges, that Defendant Owners were aware of the condition of the roof months before the damage occurred as a result of the storms in February 2017, and despite such knowledge and having been provided with the opportunity to repair the warehouse roof, acted with reckless indifference to the heightened risk presented to Plaintiff's Merchandise by failing and refusing to take any action to repair the roof when presented with evidence of its dilapidated condition.

31. As a direct and proximate result of the negligence of Defendants, and each of them, as the owners/managers/operators of the Premises, Plaintiff suffered damages in the amount of $1,313,721.28.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For the value of the Merchandise in the amount of $1,313,721.28, including prejudgment interest thereon at the highest legal rate;

2. For incidental and consequential damages according to proof;

3. For costs of suit incurred herein; and

5. For such other and further relief as the Court may deem proper.

Date:  October 8, 2018

HILL RIVKINS BROWN & ASSOCIATES
A Professional Law Corporation

By:   /s/ Adam C. Brown
    ADAM C. BROWN
    Attorneys for Plaintiff
    3015327 CANADA, INC., DBA
    BLANKETS & BEYOND